THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOVITO CALDERÓN ALLENDE, Defendant and Appellant.

No. 11017. Argued February 1, 1946.—Decided March 29, 1946.

*César Andréu Ribas* for appellant. *E. Campos del Toro, Attorney General, Luis Negrón Fernández, Assistant Attorney General,* and *J. Rivera Barreras, Acting Prosecuting Attorney (Fiscal),* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The appellant in this case was charged with violating subdivisions (a) and (f) of § 10 of the Motor Vehicle Act (Act No. 55 of April 27, 1942, Sess. Laws, p. 526).[1] The complaint alleges that on November 19, 1944, while defendant was driving a navy truck along the military road leading from Toa Alta to Bayamón, he did not exercise due care or take reasonable precautions to insure the safety of persons and property by failing to take to the right upon meeting a bus, license-plate P–1777, causing the truck, through his negligence and carelessness, to run over two passengers of said bus, who consequently had to have their left arms amputated.

---

[1] The above subdivisions provide:

"(a) Persons operating motor vehicles on the public highway shall at all times exercise due care and take every reasonable precaution to insure the safety of persons and property.

"* * * * * * *

"(f) When stopping on a public highway where traffic is heavy and automobiles are likely to be following, the person driving an automobile shall draw as far as possible to the right, extending his arm, slightly inclined towards the ground, with the palm of the hand facing the rear and fingers together. On turning to the left at the corner of a street or urban zone of a municipality, he shall extend his arm in a horizontal position, with the palm of the hand towards the front and fingers together. On turning to the right he shall extend his arm in a right angle position with the palm of the hand outward and fingers together. A motor vehicle shall not stop abreast of another vehicle except in case of emergency, nor shall it in any other way unnecessarily obstruct the public highway."

The court found the defendant guilty of the offense charged and sentenced him to serve three months in jail and to pay the costs. The defendant appealed and alleges herein that the lower court erred inasmuch as the evidence introduced does not show criminal negligence or carelessness on the part of the defendant, and that the lower court acted with prejudice, passion, and partiality in sentencing the defendant and weighing the evidence.

■■ In order to determine whether the court committed the first error assigned let us examine briefly the evidence introduced. That for the prosecution consisted in the testimony of three witnesses: Alejo Padilla and Juana Pagán, the two injured persons, and Amparo Soto Cruz.

Alejo Padilla testified that on the day of the occurrence he was riding in a bus going from Bayamón to Dorado; that he occupied the second seat and had his left arm resting on the window sill of the bus; that he first saw the truck driven by the defendant when it ran against him and struck him; that the bus skidded precisely at the same time that the truck was approaching and that the truck passed by so closely that the bus had to maneuver in order to protect itself from the truck.

Amparo Soto Cruz, the second witness, testified that on the day of the occurrence she was occupying the front seat of the bus which was going in the direction from Bayamón to Dorado and that in that same bus were Alejo Padilla and Juana Pagán; that upon reaching the place of the accident she saw the navy truck coming quite fast; that there was a mechanical shovel on the right-hand side of the road leading from Dorado to Bayamón, that is, in the same direction as the truck and a mud puddle to the right side of the Bayamón–Dorado road, that is, in the same direction of the bus; that the truck reached the place where the shovel was stationed before the bus did and that it turned to the left in order to pass the bus; that when it was passing the shovel the bus

reached the place at the same time it met the truck; that immediately she heard shouts within the bus and when she looked back she saw blood on the floor; that the navy truck did not stop but continued its journey and returned to the place later. She further stated that from the time she heard the shouts until the bus stopped it reeled; that the bus had a ''scratch'' all along its left side. From her testimony we copy the following:

''Q. Will you please tell me when you saw the truck for the first time?

''A. When we were approaching the place of the accident the truck was coming at about a distance from here to there from the shovel, *it reached the shovel before we did.*

''Q. Was the mechanical shovel stationed on the right-hand side of the road in the opposite direction?

''A. Yes, sir.

''Q. Was the mechanical shovel parked in the way of the truck's chauffeur?

''Yes, sir.'' (Italics ours.)

The last witness for The People was Doña Juana Pagán, the other victim of the accident. She testified that she was going in the same bus as Don Alejo and Amparo Soto and that she was sitting behind Don Alejo with her left elbow resting on the window; that she did not see the truck coming or who drove it but that she heard a motor on the left side, looked and saw the truck passing by and at the same time felt it strike her arm, that she did not see how the accident happened.

After the prosecution presented its evidence, the defendant testified as his only witness as follows:

That on the day of the occurrence he was driving the navy truck from Vega Baja to San Juan; that there were a lot of sailors in the truck and two officers were with him in the front seat; that upon reaching the place where the mechanical shovel was parked in the Bayamón road he saw the bus coming; that the bus approached a very wide puddle, for it had rained, and turned to the left passing closely to the

truck; that the truck could not turn because of the mechanical shovel parked on the right-hand side; that neither he nor the officers heard any sound; that he went on to San Juan and upon arriving at the Tenth Naval District he was asked if that was the truck which had injured a lady; that they then learned of the accident whereupon he returned with 2 officers to make the investigation; that neither he nor those traveling in the truck were aware of the accident; that the bus did not show any scratch and that the accident would have been avoided if the injured passengers had not protruded their arms from the window and if the bus had continued in a straight line without turning.

This evidence showed that the truck driven by defendant reached the place where the mechanical shovel was stationed before the bus, and that it could not turn more to the right because of said shovel. In spite of this, the bus continued in the opposite direction and turned to the left, that is, towards the truck, in order to avoid falling into a puddle which was in its way. Amparo Soto Cruz, the only witness for the prosecution who saw the accident, testified that the bus turned towards the right "after the accident had happened." So that at the time it occurred the bus was traveling more towards the left and trying to pass by the truck driven by the defendant in the opposite direction when the latter had already reached, and was passing by, the place where the shovel was parked.

As we have already seen, to one side of the road there was a shovel, and directly opposite there was a mud puddle. Under these circumstances, the side of the road on which the bus was traveling as well as the side along which the truck was going were obstructed and the passageway between both obstacles was not spacious enough to allow both vehicles to pass at the same time, without causing, as it did, an accident. In a situation like this, the vehicle first entering such a space has the right of way and the other car should slacken the speed or stop, if necessary, in order to avoid the accident.

In Huddy, Cyclopedia of Automobile Law, (9th ed.) vol. 3-4, p. 193, § 119 the applicable rule is set forth as follows:

"Where two vehicles approach each other at a narrow point in the highway, or on a narrow bridge, or in *a narrow passage between parked cars,* where it is difficult or impossible for them to pass in safety, *the vehicle first entering such space has the right of way* and is entitled to proceed, and it is the duty of the other to slacken speed, or, if necessary, to stop." (Italics ours.)

Under the surrounding circumstances we are of the opinion that the evidence did not show that in driving the truck appellant failed to exercise due care or take reasonable precaution to insure the safety of persons and property or that he failed to take to his right as far as practicable as charged in the complaint.

The judgment is reversed and the defendant acquitted.